**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JULIUS LEVY,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1080

ALEXA BEARE, Baltimore County
Police Officer,
<u>Defendant-Appellee.</u>

JULIUS LEVY,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1110

WALTER HETTINGER, Dr.; LEROY C.
BELL, JR., Dr.; DEBRA HOLLAND,
Registered Nurse,
<u>Defendants-Appellees.</u>

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-96-1948-WMN, CA-96-2117-WMN)

Submitted: July 29, 1997

Decided: November 5, 1997

Before HALL and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

No. 97-1080 affirmed and No. 97-1110 vacated and remanded by
unpublished per curiam opinion.

**COUNSEL**

Julius Levy, Appellant Pro Se. Michael Allan Fry, Assistant Solicitor, Towson, Maryland; Ronald Upton Shaw, SHAW & BROWN, P.A., Towson, Maryland; Mary Alane Downs, MASON, KETTERMAN & MORGAN, Hunt Valley, Maryland; Barbara Lee Ayres, WHITE-FORD, TAYLOR & PRESTON, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated cases, Julius Levy appeals from district court orders dismissing his actions filed against a police officer and several health care providers for allegedly violating his civil rights in connection with his involuntary commitment to a mental hospital. We have reviewed the record in appeal number 97-1080 and the district court's opinion and find no reversible error. Accordingly, we affirm that order on the reasoning of the district court. Levy v. Beare, No. CA-96-1948-WMN (D. Md. Dec. 23, 1996).

We vacate, however, the district court's order relating to appeal number 97-1110, and remand for further consideration. The court dismissed Levy's action against the Defendant health care providers based on its conclusion that the action was subject to the mandatory arbitration provisions of the Maryland Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 to -09 (1995 & Supp. 1996). Those provisions, however, cannot defeat a federally created cause of action unless the federal law allegedly violated expressly or implicitly incorporates the provisions. See Brooks v. Maryland Gen. Hosp., Inc., 996 F.2d 708, 710, 714 (4th Cir. 1993).

In this case, Levy appears to seek redress under 42 U.S.C. § 1983 (1994). Section 1983 does not require litigants, other than prisoners,

2

to exhaust state remedies prior to bringing an action in federal court. See Patsy v. Board of Regents, 457 U.S. 496, 500-01, 509 (1982). Thus, a litigant seeking damages under § 1983 based on his involuntary commitment to a mental hospital need not exhaust state remedies under a state medical malpractice statute prior to filing suit in federal court. See Herer v. Burns, 577 F. Supp. 762, 765 (W.D. Va. 1984) (allowing relatives of patient involuntarily committed to Virginia hospital to file § 1983 action in federal court without exhausting remedies provided by Virginia Medical Malpractice Act).

Accordingly, the order of the district court in appeal number 97-1110 is vacated, and the case is remanded for further proceedings. We express no opinion concerning any other defenses that may be available to the Defendants in appeal number 97-1110. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 97-1080 - AFFIRMED
No. 97-1110 - VACATED AND REMANDED

3